UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9326 PSG (FFMx) | Date | January 4, 2017 |
|---|---|---|---|
| Title | Carlos v. Boeing Company *et al.* | | |

Present: The Honorable   Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   **Order REMANDING Action to State Court**

Pending before the Court is Defendant Boeing Company's Notice of Removal ("*NOR*") of Plaintiff David Carlos's state court action. Dkt. # 1. A second defendant, Ruben Rojes ("Rojes"), has not been served and does not join in the removal. *See NOR* ¶ 47; *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429–30 (9th Cir. 1984) (concluding that a party not served need not join in removal). After reviewing Defendant's Notice of Removal and the underlying Complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction.").

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a). If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.*

Because Plaintiff and Defendant Rojes are both California citizens, *see NOR* ¶¶ 11, 16, it appears that "complete diversity" does not exist between the parties. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that . . . each plaintiff must be diverse from each defendant.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9326 PSG (FFMx) | Date | January 4, 2017 |
|---|---|---|---|
| Title | Carlos v. Boeing Company *et al.* | | |

Defendant Boeing argues that complete diversity is nonetheless satisfied because Rojes is a sham defendant.  *See NOR* ¶¶ 16–30.

The citizenship of a "sham" defendant may be disregarded for purposes of diversity jurisdiction pursuant to the doctrine of fraudulent joiner.  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Archuleta v. Am. Airlines, Inc.*, No. 00-CV-1286- MMM (SHx), 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000).  Joinder of a non-diverse defendant is fraudulent where the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003).  "Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder."  *Rico v. Jones Lang Lasalle Americas, Inc.*, No. CV 14-1322-GHK (JEMx), 2014 WL 1512190, at *2 (C.D. Cal. April 16, 2014).  Rather, in assessing whether a plaintiff has failed to state a cause of action against a resident defendant, the court must determine "whether there is a possibility that" he or she may do so.  *Id.* (citations omitted); *accord Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007))).  There is a general presumption against fraudulent joinder, and fraudulent joinder must be shown by clear and convincing evidence.  *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Defendant Boeing has not shown by clear and convincing evidence that there is no possibility that Plaintiff can state claims for discrimination, retaliation, failure to participate in the interactive process, failure to provide reasonable accommodation, and harassment against Rojes.  Plaintiff asserts that Rojes was Plaintiff's supervisor, and that Rojes contacted Plaintiff while he was on medical leave and urged him to return to work.  *Complaint* ("*Compl.*") ¶¶ 9–11.  Further, Plaintiff states that Rojes ignored Plaintiff's request for a meeting to discuss what Plaintiff perceived as harassment, and subsequently fired Plaintiff without further investigation or attempts to accommodate Plaintiff's medical conditions.  *Id.* ¶¶ 12–14.  The Complaint alleges sufficient facts showing that Plaintiff may be able to assert causes of action against Rojes.  *See generally id.*  Defendant Boeing's arguments to the contrary misstate the prevailing law.  The Rule 8 pleading standard does not govern the question of fraudulent joinder; rather, Defendant must show, by clear and convincing evidence, that there is "no possibility"—even with leave to amend—that Plaintiff can state a claim against the alleged sham Defendant.  Boeing has failed to satisfy the heavy burden required to establish fraudulent joinder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9326 PSG (FFMx) | Date | January 4, 2017 |
|---|---|---|---|
| Title | Carlos v. Boeing Company *et al.* | | |

Accordingly, the Court concludes that it lacks subject matter jurisdiction over the case and REMANDS this action to state court.